# IN THE SUPERIOR COURT OF GUAM

FILED
IN COURT
2012 FEB -8 PM 1·08
SUPERIOR COURT
BY: _____

ERNESTO S. WUSSTIG, and CAROLYN M. WUSSTIG CRUZ, as Co-administrators of the Estates of ERNESTO C. WUSSTIG and EUTROPIA S. WUSSTIG, deceased,

    Plaintiffs,

vs.

RICARDO T. GUERRERO, LAWRENCE RAYMOND AFLAGUE, and MARISSA TREVINO AFLAGUE,

    Defendants.

CIVIL CASE NO. CV1908-01

DECISION AND ORDER

## INTRODUCTION

This matter was heard by the HONORABLE ARTHUR R. BARCINAS on the 20th day of April, 2011, when the Court received oral arguments on the Plaintiffs' Motion for Summary Judgment against Defendants Lawrence R. Aflague and Marissa Trevino Aflague.

## DISCUSSION

Summary judgment on an issue should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corporation v. Kawasho International (Guam), Inc., 1997 Guam 10 ¶7. The initial burden is on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. at ¶ 8. However, if the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence showing that there is a genuinely disputed issue of material fact that must be determined at trial. Id.

A genuine issue exists when there is "sufficient evidence" establishing a factual dispute requiring resolution by a fact-finder. Id. (citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir.1987)). The factual dispute must concern a "material fact." Id. Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under Rule 56, the moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Kim v. Hong, 1997 Guam 11 ¶ 6 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. However, there can be no "genuine issue of material fact" if there is a complete failure of proof concerning an essential element of a party's case, since such failure renders all other facts immaterial. Id. at 323. Moreover, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Plaintiffs claim that they are entitled to summary judgment against both Defendants

Aflague on their claim of quiet title to Lot 21-R3 and Lot 21-3-R/W, Tract 292, because: (1) the former administrator of the Estate of Ernesto C. Wusstig and Eutropia S. Wusstig failed to comply with the statutory notice requirements of 15 GCA §§ 2315, 2341 and 2347 before granting the Defendants Aflague a deed for Lot 21-R3 and Lot 21-3-R/W, Tract 292, part of the estate, and therefore, the deed is void; (2) the former administrator of the Estate of Ernesto C. Wusstig and Eutropia S. Wusstig failed to have the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to the Defendants Aflague approved by the Court prior to granting the deed to the Defendants Aflague and therefore, the deed is void and cannot be claimed against the Estates of Ernesto C. Wusstig and Eutropia S. Wusstig; and (3) Defendants Lawrence R. Aflague was married to Marissa Trevino Aflague, and therefore, any portion of the property acquired in the property by Marissa Trevino Aflague is void.

At first glance, the factual allegations regarding compliance or non-compliance with 15 GCA §§ 2315, 2341 and 2347 are contained in the Plaintiffs' Motion for Summary Judgment, signed by the Plaintiffs' attorney, but are not included as part of the declaration submitted with the Plaintiffs's motion for summary judgment, or any other accompanying statement of personal knowledge. The question of whether the statutorily required notice was published is a question of fact, and the question of whether the sale and transfer were confirmed by the Court is another question of fact. The question of whether Defendants Aflague were married at the time of the conveyance, or sometime thereafter, and thereby Defendant Marissa Trevino Aflague acquired an interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292, is also an issue of fact. Consequently,

Page 3 of 23

under Rule 56, admissible evidence is required to establish these facts for the purposes of determination of summary judgment.

Rule 56, as supplemented by CVR Rule 7.1(d)(1)( C) of the Local Rules of the Superior Court of Guam, requires that motions for summary judgment and oppositions to summary judgment be accompanied and authenticated "by affidavits or declaration of persons with personal knowledge through whom they could be introduced at trial." Zoslaw v. MCA Distributing Corp., 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085 (1983); *see also* Adickes v. S. H. Kress & Co., 398 U.S. 144, 159 (1970); Piper v. United States, 392 F.2d 462, 464 (5th Cir. 1968); Jones v. Menard, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977); 6 Moore's Federal Practice P 56.11(1.-8), at 207 (2d ed. 1948); id. P 56.22(1), at 1304; 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2738.

GRCP Rule 56(e) specifically and unequivocally restates this proposition; "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." GRCP Rule 56(e).

Although the rule specifically references "affidavits," for the purposes of GRCP Rule 56(e), "since 1982 on Guam, and 1976 under Federal law, unsworn declarations under penalty of perjury are statutorily equivalent, with limited exceptions, to affidavits." Duenas v. Yama's Co., Inc., Civ. No. 90-00062A, 1991 WL 255834, *5 (D.Guam App.Div. 1991)(citing 6 GCA § 4308; 28 U.S.C. § 1746; Carter v. Clark, 616 F.2d. 228 (5th Cir.1980); and Dickinson v. Wainwright,

626 F.2d. 1184 (5th Cir.1980).

None of the declarations or exhibits submitted to the Court as part of the Motion for Summary Judgment contain any statements regarding whether the sale of the property to the Defendants Aflagues complied with 15 GCA §§ 2315, 2341 and 2347. The Declaration of Carolyn Wusstig Cruz, which could have contained factual declarations regarding the compliance or non-compliance with 15 GCA §§ 2315, 2341 and 2347, is silent as to this issue. Importantly, the declaration and other exhibits are also silent as to the marital status of Defendants Lawrence R. Aflague and Marissa Trevino Aflague at the time the "sale" of Lot 21-R3 and Lot 21-3-R/W, Tract 292 to Defendant Lawrence R. Aflague. Consequently, the allegations of fact contained in the Plaintiffs' motion are merely allegations, and are inadmissible as evidence, as it is well-settled that the statements of attorneys in motions or other briefs do not constitute admissible evidence. Monolithic Power Systems, Inc. v. O2 Micro Intern., Ltd., --- F.3d ----, 2009 WL 539910, *7 (9th Cir. 2009) (attorney's contentions cannot substitute for actual evidence); Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006); Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed. Cir. 1989); and Radich v. Goode, 886 F.2d 1391, 1394 (3rd Cir. 1989)("An unsworn memorandum [signed by an attorney] opposing a party's motion for summary judgment is not an affidavit.").

Consequently, the Court cannot consider the Plaintiff's attorney's allegations (contained in the motion) that "statutory notice of the sale pursuant to15 G.C.A. § 2341 was never accomplished. Further, the sale and transfer were never confirmed by the Probate Court, as is

required by 15 G.C.A. § 2345," as contained in the Plaintiffs' motion, as evidence in determining summary judgment. Pls.' Mot for Summary Judgment, p. 2, lines 20–22 (filed November 5, 2010).

In order to obtain summary judgment under Rule 56, a party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'" in order to demonstrate proper evidentiary support for its factual allegations. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Because a grant of summary judgment results in judgment on the merits of a case, Rule 56(e) specifically requires exhibits to be submitted in a form which would be admissible at trial. To this end, only "a verified complaint is the equivalent of an [ ] affidavit for summary judgment purposes," and only "when the allegations contained therein are based on personal knowledge." Williams v. Griffin, 600 F.2d 820, 823 (4th Cir.1991); accord, Williams v. Adams, 935 F.2d 960, 961-62 (8th Cir.1991); Conaway v. Smith, 853 F.2d 789, 792-93 (10th Cir.1988); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir.1987); Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80 (5th Cir.1987); and Hooks v. Hooks, 771 F.2d 935, 945-46 (6th Cir.1985).

Because the Plaintiffs' Complaint is verified, the Court may consider its contents (and only its contents, with regard to the particular material facts at issue here) as evidence in support of the motion for summary judgment, establishing that the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292 was not in compliance with the probate code. Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980). Consequently, based on the allegations of the verified complaint, the facts

regarding statutory compliance, namely, "The probate court did not approve the sale and transfer of a portion of the Property to the Aflagues" are considered established for the purposes of summary judgment. Pls.' Ver. Compl., p. 7, ¶ 45 (filed November 20, 2001). However, the verified complaint is silent as to the marital status of the Defendants Aflague. Accordingly, the facts regarding non-compliance with the statutes are proven for the purposes of summary judgment, however, the facts regarding the marital status of Defendants Aflague, in particular, Defendant Marissa Trevino Aflague's ownership interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292, are not.

The only admissible evidence presented by the Plaintiffs regarding the Plaintiffs' ability to maintain suit against Defendant Marissa Trevino Aflague due to marital status or an ownership interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292, consists of the verified statement that the deed was granted to both Defendants when the former administrator "executed and delivered a warranty deed in favor of Lawrence Raymond Aflague and Marissa Trevino Aflague (the "Aflagues"), purporting to transfer to the Aflagues 4,800 sq. meters of Lot No. 21-R2, Tract 292, a portion of the Property." Pls.' Ver. Compl., p. 6, ¶ 42 (filed November 20, 2001). However, the other evidence submitted by the Plaintiffs consists of the deed itself, which clearly indicates that the deed was granted only to Defendant Lawrence R. Aflague. Pls.' Ver. Compl., Exhibit E (filed November 20, 2001). Under GRCP Rule 10( c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Accordingly, the deed, as an exhibit to the verified complaint, is also verified as part of the complaint, and the Court is faced with two

conflicting pieces of evidence submitted by the Plaintiffs.

The Court cannot make determinations of truthfulness or veracity as part of a summary judgment motion. However, every federal circuit court of appeals has addressed the issue of whether a party may create its own issues of fact and credibility by contradicting his or her own earlier evidence, and every circuit, without exception, has found that a court should disregard a party's statements in an affidavit or declaration in favor of other sworn testimony where no reasonable explanation is offered for the contradiction between the two. Orta-Castro v. Merck, Sharpe & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir.2006); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495–96 (5th Cir.1996); Pyramid Securities Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123–24 (D.C.Cir.1991); Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 975–76 (4th Cir.1990); Farrell v. Automobile Club of Michigan, 870 F.2d 1129, 1131–32 (6th Cir.1989); Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 705–06 (3d Cir.1988); Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir.1986); Babrocky v. Jewel Food Co. & Retail Meatcutters Union, 773 F.2d 857, 861 (7th Cir.1985); Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc., 736 F.2d 656, 656, 658–59 (11th Cir.1984); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1366 (8th Cir.1983); Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543–44 (9th Cir.1975); and Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 577–78 (2d Cir.1969).

As reasoned in the landmark case Perma Research & Development Co, and adopted by nearly every following circuit to address the issue:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. . . . The object of summary judgment is 'to discover whether one side has no real support for its version of the facts,' and thereby to avoid unnecessary trials.

Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir.1969)(quoting Community of Roquefort v. William Faehndrich, Inc., 303 F.2d 494, 498 (2d Cir.1962))(emphasis added).

Plaintiffs have offered no explanation for the discrepancy between their verified statement that the deed was granted to both of the Defendants Aflague, and the actual deed, which states on its face that the sole grantee is Defendant Lawrence R. Aflague. Pls.' Ver. Compl., Exhibit E (filed November 20, 2001). The deed is dated July 31, 1995. Id. The later verified statement made by the Plaintiffs, through Ernesto S. Wusstig and George S. Wusstig, was sworn on November 16, 2001, but neither attempts to explain or clarify the variance between the earlier issued deed which shows that only Defendant Lawrence is the grantee of the deed, and their own later sworn statement that both of the Defendants Aflague are named as grantees in the deed.

No allegation of fact, nor any factual evidence has been submitted regarding whether Defendant Marissa Trevino Aflague ever acquired an interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292. Plaintiffs have offered no admissible testimony or evidence to rebut their own evidence that Defendant Marissa Trevino Aflague is not named as a grantee , and explain to the Court why the later statements that both Defendants Aflague was reasonable in light of the previous evidence apparent from the face of the deed. Plaintiffs have failed to show that they are

entitled to summary judgment, and have also failed to create a genuine issue of material fact, because the information contained in the verified complaint directly contradicts the previous sworn deed stating that only Defendant Lawrence R. Aflague is the grantee of the deed, with no proffered explanation for the contradiction. Given the conflicts between the Plaintiffs' verified allegations of the content of the deed, and the actual deed itself, this Court is "left not with a genuine issue of material fact, but with trying to determine which of several conflicting versions of [the affiant's] testimony was correct." Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 976 (4th Cir.1990). Consequently, the statements in the verified complaint may be properly disregarded by the Court based on the unexplained discrepancy between the deed and the verified allegation. The deed itself proves that the conveyance did not name Defendant Marissa Trevino Aflague as the grantee of Lot 21-R3 and Lot 21-3-R/W, Tract 292, and the deed pre-existed the statements contained in the verified complaint. Pls.' Ver. Compl., Exhibit E (filed November 20, 2001). Thus, the Court accepts as true the deed showing that Defendant Lawrence R. Aflague, alone, allegedly acquired an interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292.

Despite the fact that the deed of conveyance does not name her as a grantee, as a matter of law, pursuant to 19 GCA § 6101( c) and (g), Defendant Marissa Trevino Aflague could have acquired an interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292, if the following facts were proven: 1) Defendant Marissa Trevino Aflague married Defendant Lawrence R. Aflague; and 2) that marriage occurred prior to July 31,1995. 19 GCA § 6101( c) and (g) define community property interests:

> (c) For purposes of dividing property between the spouses in a proceeding for dissolution of marriage, community property includes all real or personal property owned by a married person domiciled in Guam, wherever situated and whenever acquired: . . . (2) *any property acquired in exchange for property which would have been community property if the spouse acquiring it had been domiciled in Guam at the time of acquisition.* . . .(g) The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests. This subsection shall be construed as defining the respective interests and rights of husband and wife in community property.

19 GCA §§ 6101(c) and (g)(emphasis added).

However, the Plaintiffs have failed to raise a genuine issue of material fact as to either of these requirements. No admissible evidence has been submitted by the Plaintiffs to show that the Defendants Aflague are married or have ever been married, and no evidence has been submitted to show that the marriage occurred prior to the date of conveyance, such that the lot would constitute community property under 19 GCA 19 GCA § 6101( c) and (g).[1] Consequently, no issue of material fact has been raised by the Plaintiffs to show that Defendant Marissa Trevino Aflague ever acquired an interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292, as required to meet the initial burden of proof in a summary judgment motion. Thereupon, the Court must DENY the Plaintiffs' request for summary judgment against Defendant Marissa Trevino Aflague. However, the Court finds that it has submitted admissible evidence regarding the statutory non-compliance of the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Defendant Lawrence R. Aflague, therefore, the Court will proceed to address this issue.

Once evidence to support the motion for summary judgment is established by the moving

---

[1] Defendant Lawrence Aflague admits the fact of marriage to Defendant Marissa Trevino Aflague in his answer, but the answer is unverified, and provides no date of marriage.

party, the defendant must present specific facts showing there is a genuine issue for trial. The party opposing summary judgment may not rely on conclusory allegations, but must present some significant probative evidence tending to support the assertion of fact. GRCP Rule 56(e).

This burden shift is reiterated within the language of Rule 56 itself. Rule 56(e) requires in part, that:

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading*, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment*, if appropriate, *shall be entered against the adverse party.*

GRCP Rule 56(e)(2007)(emphases added).

Affirming the burden shift Rule 56, the United States Supreme Court has established that in cases where the non-movant will bear the ultimate burden of proof on a certain issue at trial, in the face of evidence showing an absence of evidence to support an essential element of the claim, the non-movant must provide the court with sufficient evidence to show that the non-movant can prevail at trial. As observed by the nation's highest court:

> In our view, the plain language of Rule 56( c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

Rule 56(e) states in particular: "the *opposing party must* establish a genuine issue for trial under Rule 56(e) or explain why he cannot yet do so under Rule 56(f)." GRCP Rule 56(e)(2011)(emphasis added). Rule 56( c) further supplements this requirement, referring to "opposing affidavits," and mandating that any opposing affidavits must be filed "prior to the day of hearing." Rule 56( c).

It is well-settled that any documents submitted in opposition to a motion for summary judgment must be attached to the declaration or affidavit of a person which is "made on personal knowledge, shall set forth facts which are admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," or those documents cannot be considered by the Court. GRCP Rule 56(e); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17 (1970); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3rd Cir. 2005); and Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962 (4th Cir. 1996). Defendant Lawrence R. Aflague has failed to file an opposition or any evidence to rebut the evidence provided by the Plaintiffs under Rule 56.

However, giving the benefit of the doubt to Defendant Lawrence R. Aflague, as a *pro se* defendant, the Court will not construe his failure to file an opposition against him. The Court is aware of its obligations to give deference and leeway to individuals who appear before the Court, *pro se*, and to attempt to decide matters on their merits where possible. The automatic grant of a motion for a party's failure to file an opposition has been specifically disallowed by the Supreme

Court of Guam.

In Quitugua v. Flores, 2004 Guam 19 (Sup. Ct. Guam 2004), the respondent failed to respond to a motion to dismiss and the trial court automatically granted the motion to dismiss based on this failure to file a written opposition. In reversing the trial court's automatic grant of the motion to dismiss, the Supreme Court of Guam established how the Superior Court of Guam should treat a party's failure to file an opposition, stating:

> [We] emphasize that the failure to file a written opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require [the] court to automatically grant the motion and is not dispositive of the motion itself. The court has a duty to analyze the merits of the motion before rendering its decision (emphasis added).

Id. at ¶ 28.

The Supreme Court of Guam later re-emphasized that the automatic grant of a motion is not the proper sanction for a failure to file an opposition in Mano v. Mano, 2005 Guam 2 (Sup. Ct. Guam 2005). In the Mano case, "[the Plaintiff-Appellant] failed to file a written opposition to the motion dealing with whether jurisdiction of the case should be relinquished to Washington or remain with Guam." Id. at ¶ 15. In automatically granting the Defendant-Apellee's motion, the Superior Court of Guam stated only: "'Based on the Counsel's failure to file any memorandum and failure to appear, then I would at this time order that the case be heard in the Superior Court of Washington and relinquish jurisdiction.'" Id. (quoting Tr., Part II, pp. 2-3 (Hearing re: Jurisdiction, Mar. 9, 2004)).

The Supreme Court of Guam again reversed the lower court's decision to grant the

unopposed motion simply because it was unopposed, stating: "In light of these facts and in accordance with our Quitugua decision, the Guam court abused its discretion in failing to analyze the merits of a motion before rendering its decision." Id. at ¶ 17.

The Court is aware that these cases involved motions to dismiss, rather than motions for summary judgment, in which the burden shift of Rule 56 operates to impose the burden of production of evidence upon a party opposing the grant of summary judgment. However, the broad language of these opinions indicates that the Supreme Court's desire is to require the trial courts to address the merits of each case or issue. In accordance with the suggested purpose of these cases, the Court will not construe the Defendant's failure to file an opposition as admitting the facts at issue. However, the Court notes that it is placed in the awkward situation in which it must attempt to discern some defense for Defendant Aflague without the submission of any admissible evidence as required under Rule 56(e). The only denials on behalf of Defendant Lawrence R. Aflague are found in his answer, filed on December 6, 2002. After review of this answer, under Rule 8(d), the Court finds that the fact of whether the sale of property to Defendant Lawrence R. Aflague complied with 15 GCA §§ 2315, 2341 and 2347 remains undisputed and admitted under the rules of pleading and for the purposes of summary judgment.

Paragraph 45 of the Plaintiff's Complaint is the paragraph which alleges that the court did not approve of the sale of probate assets, consisting of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Defendant Lawrence R. Aflague. The Defendant has failed to factually deny this allegation in his responsive pleading.

When a defendant files an answer which does not specifically deny an allegation of fact contained in the complaint, the fact is deemed admitted for all purposes, under Rule 8(d), and the Plaintiff no longer is required to prove that fact with evidence. In this case, Defendant Lawrence R. Aflague filed an answer to paragraph 45 of the verified complaint, which states, "ANS. 45: Yes, the Probate Court by virtue of its appointment of Mr. William S. Wusstig, as the Administrator of the Estate . . . did exercise his best interests to improve the value of the estate and thereby appointed Mr. Aflague to assist in facilitating such activity by the due process of rezoning the subject Estate . . . ." Def.'s Answer, p.12, lines 5–11 (filed December 6, 2002).

GRCP Rule 8(d) states in relevant part, "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, *are admitted when not denied in the responsive pleading.*" GRCP 8(d)(emphasis added). In this case, the Defendant does not factually deny that Court approval was not received for the sale any portion of the Estate property to him. Defendant's answer states that the former administrator of the estate appointed Defendant Lawrence Aflague to help rezone a portion of the estate. Defendant Aflague does not deny that the probate court never approved of any sale of estate property to him, and it appears that the Defendant is attempting to present some sort of legal argument, rather than a factual denial. Defendant Aflague's assertion that he helped rezone a portion of the estate does not address the issue of court approval and is non-responsive to the allegation that court approval of a sale of estate property to him was never obtained.

By failing to submit an answer which specifically denied the factual allegation in the

Plaintiffs' complaint regarding the Court's approval of the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292 to him under 15 GCA § 2315, the Defendant admits that allegation, thus placing no further burden upon Plaintiffs to prove that fact. *See* Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996); Hall v. Aetna Cas. & Sur. Co., 617 F.2d 1108, 1111 (5th Cir. 1980); Legal Aid Soc. of Alameda County v. Brennan, 608 F.2d 1319, 1334 (9th Cir. 1979), *cert. denied*, 447 U.S. 921; Shakman v. Democratic Organization of Cook County, 533 F.2d 344, 352 (7th Cir. 1976), *cert. denied*, 429 U.S. 858; and Weitnauer Trading Co. v. Annis, 516 F.2d 878, 880–1 (2d Cir. 1975).

However, the Court need not rest on the lack of factual denial of Defendant Lawrence R. Aflague. The Court may rely on undisputable sources to determine this particular issue. Under GRE Rule 201( c), "a court may take judicial notice, whether requested or not," so long as the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." GRE Rule 201( c) and (b)(2)(2011).

In general, a court may judicially notice the existence of a record or document in another case, but may not judicially notice the truth or falsity of allegations made in another lawsuit. Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992); In re Calder, 907 F.2d 953, 955, n.2 (10th Cir.1990); United States ex. rel. Geisler v. Walters, 510 F.2d 887, 890, n.4 (3d Cir.1975). A court may utilize the existence of a judicial record as evidence of an established fact when a court merely takes notice of the outcome of a judicial proceeding or the existence of a judicial act. "[A] judicial act itself [is] not a fact 'subject to reasonable

dispute' . . . ." Colonial Leasing Co. of New England v. Logistics Control Group, 762 F.2d 454, 459 (5th Cir.1985). In Colonial, the Fifth Circuit held, "[t]he district court could properly take judicial notice, under Rule 201(b), of the judgment for the limited purpose of taking as true the action of the Oregon court in entering judgment for [the creditor] against [the debtor] . . . ." Id.

Accordingly, a court may take judicial notice of a determination so long as it is taking notice of the existence of the public record and outcome of the determination, rather than the logic or reasoning underlying the determination. Taylor v. Charter Medical Corp., 162 F.3d 827, 831–2 (5th Cir.1998); General Electric Capital Lease Corporation v. Lease Resolution Corporation, 128 F.3d 1074, 1081–2 (7th Cir.1997); see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir.1998). The mere existence or final outcome of readily verifiable court filings and other matters of public record is a proper subject of judicial notice. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006); Nolte v. Capital One Financial Corp., 390 F.3d 311, 317, n.* (4th Cir. 2004); Kowalski v. Gagne, 914 F.2d 299, 305–6 (1st Cir. 1990); and Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972).

The Court may judicially notice whether or not court approval of the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, was rendered in the related probate matter, PR0136-91. The Court observes that the Court is judicially noticing only the existence or non-existence of a judicial determination and other filings. The purpose of judicial notice is to economize court resources by establishing an undisputable fact without the necessity of taking testimony to establish such facts as evidence. Accordingly, taking notice of the existence of documents and court approval,

as contained within the Court's records, would constitute a proper use of GRE Rule 201(b). Therefore, this Court takes judicial notice of the record in Probate Case No. PR0136-91, as undisputed court documents to prove the existence of judicial approval of any sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Defendant Lawrence R. Aflague contained therein.

A review of Probate Case No. PR0136-91 reveals no notice of a private sale fourteen days prior to the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Defendant Lawrence R. Aflague, which occurred on July 31, 1995, as required by 15 GCA §2341(a). No verified report and petition for a hearing to confirm this sale was ever filed in Probate Case No. PR0136-91, as required under 15 GCA §2315(a). Further, the Court's file contains no record of a judicial confirmation hearing held within thirty days of the date of the sale, as required by 15 GCA §§ 2315(a), 2345, and 2347. From the Court's records, it is established that no court approval of the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Defendant Lawrence R. Aflague was ever obtained.

Under GRCP Rule 56(c) "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."). As a matter of law, the Court finds that the sale of any property to Defendant Lawrence R. Aflague is void for non-compliance with 15 GCA § 2315(a).

15 GCA § 2315(a) states:

> Sales in General: Report of Sale; Confirmation; Petition; Notice of Hearing; Vacation of Confirmation Order on Default of Purchaser; Resale; Procedure. (a) Except as otherwise provided in Sections 2331, 2333 and 2335(c) of this Title, all sales of the property of an estate shall be reported to the Superior Court and confirmed by the Superior Court before title to the property passes. The report, which may also be referred to as a "return" or as a "return of sale," shall be verified. Such report and a petition for confirmation of the same shall be filed in the Superior Court within thirty (30) calendar days after each sale of the property of an estate. The Clerk of the Superior Court shall set the petition for hearing, and notice thereof shall be given in the manner provided in Section 3401 of this Title.

15 GCA § 2315(a)(2011).

15 GCA § 2315(a) was adopted directly from California Probate Code § 755, specifically, the version of California Probate Code § 755 which was enacted in 1931 and remained in effect until amended in 1969. West's Cal. Prob. Code, Historical and Statutory Notes (2002). That former Cal. Prob. Code § 755 stated:

> Except as provided by sections 770 and 771 of this code, all sales of property must be reported to the court and confirmed by the court before title to the property passes. The report must be verified. Such report and a petition for confirmation of the sale must be made within 30 days after each sale. The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code.

Cal. Prob. Code § 755 (1931 to 1969).

Accordingly, California cases interpreting this version of the statute are highly persuasive, and the Court must follow the California precedent unless there is a compelling reason to deviate from the California law. Cruz v. Cruz, 2005 Guam 3 ¶9; and Fajardo v. Liberty House Guam, 2000 Guam 4 ¶17.

In Kier Corp. v. Treasure Oil Co., 57 Cal.App.2d 829, 136 P.2d 59 (Cal. Dist. Ct. App.

1943), the California District Court of Appeal specifically found that no title could pass to a purchaser of real property where the sale had not been properly noticed or confirmed by the probate court under California Probate Code § 755, therefore "[the administratix'] deed to Kier was a nullity because it had not been authorized by the probate court." Id. at 66(citing Section 755, Probate Code). Interpreting this provision, the court aptly stated:

> To make valid a sale of the realty of an estate, the sale must be reported by verified petition to the court within 30 days after the sale and, after notice by the clerk, it must be confirmed by the court. In the absence of notice of a hearing on the petition the order of confirmation is void.

Id. at 66–67 (citing Section 755, Probate Code, supra; Lass v. Eliassen, 94 Cal.App. 175, 270 P. 745; and Texas Co. v. Bank of America, etc., 5 Cal.2d 35, 53 P.2d 127).

Building on this reasoning, the California District Court of Appeal confirmed that no title could pass to a purchaser who purchased estate property directly from an executor or administrator in violation of California Probate Code § 755, and further, that a purchaser who purchased directly from an administrator without proper notice and confirmation of the sale by the probate court would be charged with actual notice that the sale was void, and thereupon could not claim status as a bona fide purchaser without notice:

> [I]t is clear under the authorities in this state that no title passed to the purchaser thereof without confirmation or prior order of the court. George Schwinn *having purchased the shares directly from the executrix was charged with notice that the sale was not authorized by a prior order and that no title would pass until confirmed as provided in Probate Code section 755. As a participant in such transaction he cannot now plead innocence and good faith* when the slightest investigation would have dispelled any ignorance thereof. The executrix being without power to make an absolute sale without prior order of court or subsequent confirmation, her acts in such representative capacity could only clothe George

Schwinn with the indicia of ownership by an endorsement of the certificates (Civ.Code, sec. 330.19) and delivery to him. *Thus no title vested in George Schwinn as against the estate* by reason of the invalid sale of the stock by the executrix.

East Coalinga Oil Fields Corp. v. Robinson, 86 Cal.App.2d 153, 159, 194 P.2d 554, 557 (Cal. Dist. Ct. App. 1948)(internal citations omitted)(emphases added).

Under this authority, as a matter of law, a person who purchases real property from the administrator or executor of an estate is "charged with notice" that "no title [will] pass until confirmed as provided in Probate Code section 755." In this case, the Plaintiffs have provided evidence that Defendant Lawrence R. Aflague purchased the real property at issue directly from the former administrator of the estate. Pls.' Ver. Compl., p. 6, ¶ 42, and Exhibit E (filed November 20, 2001). Defendant Lawrence R. Aflague does not deny these factual assertions, nor the deed of conveyance which evidences the direct transaction. Accordingly, by law, Defendant Lawrence R. Aflague is charged with knowledge that the sale was not confirmed by the probate court as required for the passage of title under 15 GCA § 2315(a), and cannot claim status as a bonafide purchaser for value without notice. Therefore, Defendant Lawrence R. Aflague cannot claim title "as against the estate by reason of the invalid sale," because no title passed to him, as a matter of law.

## CONCLUSION

Based upon the filings and evidence presented, the Court finds that the Plaintiffs have not met their burden of proof to show that they are entitled to judgment as a matter of law as to Defendant Marissa Trevino Aflague. The Court finds that the Plaintiffs have not provided

admissible evidence to meet their initial burden showing that there is a genuine material issue of fact regarding her ownership of any interest in Lot 21-R3 and Lot 21-3-R/W, Tract 292. Accordingly, the Plaintiffs' Motion for Summary Judgment is **DENIED** against Defendant Marissa Trevino Aflague at this time. However, the Plaintiffs have proven the non-compliance of the sale of Lot 21-R3 and Lot 21-3-R/W, Tract 292, to Lawrence R. Aflague with the probate code, in particular, 15 GCA §§ 2315(a). Defendant Lawrence R. Aflague has not provided evidence to show that there is a disputed material issue of fact regarding the invalidity of the sale, and by operation of law, no title to Lot 21-R3 and Lot 21-3-R/W, Tract 292 ever passed to him. Therefore, the Plaintiffs' Motion for Summary Judgment is **GRANTED** against Defendant Lawrence R. Aflague, and title to Lot 21-R3 and Lot 21-3-R/W, Tract 292 is **QUIETED** in the Plaintiffs.

**SO ORDERED**, this ___FEB 0 8 2012___ .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

Page 23 of 23



I do hereby certify that the foregoing
... ... ... ... ...
... ... ... ... office of the
clerk of the Superior Court of Guam.

FEB 0 8 ...

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam